## Cora M. Seacord et al., Administrators of Estate of Timothy Moshier, v. Asa A. Matteson.

1. STATUTE OF LIMITATIONS—*Open Accounts and Mutual Dealings.*— On the trial of a claim on an open account for services against the estate of a deceased person, it is error to admit as evidence in his behalf a note given by the claimant to the deceased in his lifetime, for the purpose of showing in connection with other evidence continuous dealings, in order to avoid the statute of limitations.

2. SAME—*Mutual Dealings—Open Accounts.*—In order to save items of an account which are beyond the period fixed by the statute of limitations, it must be made to appear that the account is one of mutual dealings between the claimant and the party to be charged.

3. EVIDENCE—*Of Good Faith, When Immaterial.*—On the trial of a claim against the estate of a deceased person, evidence for the purpose of showing the good faith of the claimant is immaterial and should not be admitted.

4. PAYMENT—*Where the Presumption of, Arises.*—Where a person presents a claim against the estate of a deceased person for services rendered during many years, for which no demand was made of the deceased, and against the greater part of which the statute of limitations had been allowed to run, and during the period covered by such services the claimant borrowed a large sum of money from the deceased and paid interest thereon to his death, a strong presumption arises that the claimant has been compensated for his services in some way by the deceased, or that he did not at the time such services were rendered intend to charge for the same.

**Memorandum.**—Claim in Probate. In the Circuit Court of Knox County, on appeal from the Probate Court of said county; the Hon. ARTHUR A. SMITH, Judge, presiding. Trial by jury; verdict and judgment for claimant; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

## STATEMENT OF THE CASE.

On the 6th day of September, 1890, the appellee filed his claim against the appellants, the administrators of the estate of Timothy Moshier, deceased, who died August, 1888, and letters of administration were granted September 10, 1888, by the Probate Court of Knox Co., Ill., and notice given to creditors. The claim was filed just before the two years had elapsed after the granting of letters of administration, and was sworn to by appellee, and was, as stated in the claim and affidavit, for " legal services," rendered by appellee " in matters arising from time to time in and about the law suits, money loanings and general business relating to matters of said Moshier, as his attorney and agent prior to his death in 1888, said employment being continuous under an agreement with said Moshier that finally I should be well paid for said services, and which services so rendered were worth, and by said Moshier admitted to be worth, $4,000." The affidavit attached thereto admits a credit of $2,500, note given by appellee to deceased.

By order of the court appellee filed an amended account, as follows, viz.:

" Itemized statement filed November 20, 1890, under rule of court.

Estate of Timothy Moshier, deceased, to Asa A. Matteson, Dr.

To services rendered :

| | |
|---|---:|
| In the matter of T. Moshier v. David Shear | $ 500 |
| J. E. Frost, Admr., v. Timothy Moshier | 400 |
| Moshier v. Norton | 1,000 |
| Harding v. Giddings | 200 |
| Last will and testament | 100 |
| Philbrick heirs in Little Rock, Arkansas | 100 |
| Loans and settlement with W. S., W. S., Jr., and G. W. Gale | 300 |

Loans through Lombard Investment Co............\$ 100
Looking after and securing Ritchie loan, Beadles and
    Finley........'........................................ 50
Wooster Warren matter............................ 100
Caroline Giddings matter........................... 150
Hinckley and Belden adjustment.................... 200
Jonas Murdock loan................................ 50
Loan to Catherine Drake and Wishard Ex. title, etc. 50
Wm. Seidler, Minburn, Iowa....................... 100
Loans to P. P. Johnson............................ 100
S. Weston Ferris and O. C. Ferris................. 50
A. J. Finley loan................................. 50
Silas Giddings matters......................... .... 100
Numerous conveyances, Exs. of title, etc............ 100
Legal services in matters arising from time to time
    during my employment......................... 1,000

Amendment to claim filed November 3, 1891, claiming a note of W. A. Lee for \$4,000, as set apart for claimant by deceased.

Motion by administrators for particulars composing:
Numerous conveyances............................\$ 100
Legal services from time to time................. 1,000

On December 3, 1893, the day of the hearing, appellee, by leave of the court, after verdict and before final judgment, amended the last item by increasing it to \$2,000.

A jury was impaneled and returned a verdict for appellee for \$1,650.

On motion of the appellants for a new trial being overruled by the court, the court rendered judgment for the amount to be paid in due course of administration. From this judgment this appeal is taken.

APPELLANTS' BRIEF, THOMPSON & SHUMWAY AND J. A. McKENZIE, ATTORNEYS.

Where improper evidence is permitted to go to the jury against objection the mischief can not be remedied by instructing the jury to disregard it. Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402; Rollins v. Duffy, 18 Brad. 403.

An administrator can not bind the estate by his admissions. Marshall v. Adams, 11 Ill. 41.

APPELLEE'S BRIEF, WILLIAMS, LAWRENCE & WILLIAMS AND CLARK E. CARR, ATTORNEYS; F. F. COOKE, OF COUNSEL.

While it is true the court had no right to admit improper evidence, yet when it has inadvertently done so, and the court, as soon as the mistake has been discovered, promptly rules out the evidence, the judgment ought not, as a rule, to be reversed for such error. Simon v. The People, 150 Ill. 66; 36 N. E. Rep. 1019, 1021.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

On the trial, counsel objected to all evidence showing a claim of appellee dating back more than five years from the date of filing appellee's claim, thus properly interposing the five years statute of limitations. The appellee by his counsel then claimed there was a note of $2,500 given by appellee to deceased, which he claimed as payment, and which would revive the barred claim and extend the limitations back nine years. The note bears date of September 21, 1885, and was due in one year, with eight per cent interest after November 5, 1885. The evidence shows that the services claimed for by appellee commenced as far back as 1875 or 1876, and extended till near the death of Moshier, in 1888.

It appears from the evidence that all or a greater portion of appellee's claim was barred by the statute of limitations before filing his claim against the estate of Moshier, deceased, September 6, 1890, or at least enough of it to leave that part of the claim unbarred, if any less than the amount received, even allowing the time for filing appellee's claim to have been extended by the death of Moshier one year after the expiration of the statute of limitations from the issuing of the letters of administration as provided for in Sec. 19, Chap. 83 R. S., entitled Limitations, unless the claim of appellee was revived by payment or subsequent promise.

We think there was no sufficient evidence of any payment or subsequent promise.

The court allowed appellee, against the objection of appellants, to introduce his own note of $2,500, dated September 21, 1885, to show payment by appellee on account, or, as appellee's counsel expressed it on offering it, "to show in connection with the evidence of Randall, continuous dealings."

The court appeared to understand the object in view in offering the evidence better than it was expressed by appellee's counsel, and admitted it to show payment; for it could be of no avail to show continuous dealings to arrest the statute of limitations where there were not mutual charges on each side of the account, nor was there anything in the evidence of Randall to make it proper, for he testified to nothing about the note.

Besides this, appellee paid the interest regularly on the note from year to year, which would preclude the contention that the note merely performed the office of a receipt.

Nor could the evidence of Randall that Moshier told him on September, 1885, that he, Moshier, "expected he owed appellee enough to pay for the land that Moshier had been inquiring the value of, and appellee was proposing to buy, and that the amount asked for the land was $2,400. Whether Moshier owed appellee or not he certainly did not pay him anything on account. He took his note and collected interest on it to his death.

The court committed serious error in permitting the note to be introduced in evidence as tending to show payment by Moshier to appellee on account, of the amount of the note given and made payable to Moshier. Nothing in the evidence could make the note competent for that purpose, and appellee disclaims any intention of introducing it by way of set-off against his own claim, conceding appellants had the right to introduce it for that purpose, or to withhold it.

And appellee further disclaims the right to regard the note as settled by this litigation but admits the appellants' right to hold it as subsisting against appellee, and does not insist that his verdict is the balance of his account allowed by the jury after giving credit for the note.

But if this verdict is allowed to stand it would be difficult, if not impossible, to determine whether the jury allowed it as a set-off against appellants' claim or whether it rejected it. But as the note was admitted to the jury as tending to show so much payment by Moshier on appellee's account, whether legally or illegally, if the judgment should be affirmed and the note held to be rightfully admitted for that purpose, the right of action on the note would be extinguished by this adjudication.

This judgment would be a bar, as verbal proof of a jurors' verdict could not be introduced in any subsequent litigation to show that they rejected the note in making up their verdict. If it is held competent as tending to show payment for arresting the bar of the statute of limitations it must be so held for all purposes.

Neither would the evidence of Randall that Moshier acknowledged indebtedness to appellee in his presence or that of William A. Lee, that Moshier told him that he intended the $4,000 note given by said Lee to appellee and indorsed by the latter to Moshier for appellee after his death, be competent evidence to show or tend to show that the account of appellee, where the statute of limitations had run against it in whole or in part, had been revived, or the running of the statute arrested.

Neither Randall nor Lee were shown to have been Moshier's agent to collect his claim or to represent him in the matter, hence no statement made to either of them by deceased in his lifetime could be construed into a new promise to appellee to pay the debt claimed to be due after the statute had run or partly run against it.

Counsel for appellee offered in evidence an inventory of the administrators of the estate of deceased, showing the Lee note given by him to appellee, dated June 1, 1885, for $4,000, and indorsed by him to Moshier, and containing a statement written in by appellee, who made out the inventory for the administrators, that the note was claimed by appellee. This evidence was objected to by appellants' attorneys at the time, but the court overruled the objection and admitted it, on the ground, as the judge stated at the time, " not to establish

the $4,000 claim against appellants known as the Lee note, but for the purpose of showing, so far as it may show, the good faith on the part of appellee in presenting the Lee note against the estate." In this we think the court erred. The good faith of appellee was not an issue nor was it his right to present claims against the estate, and, failing to prove them, set himself right before the jury for having presented them. If ever so competent for any purpose, this was evidence of his own manufacturing after the death of Moshier, and neither his testimony nor statements, verbal or in writing, were competent evidence in his own behalf against the appellants, who were defending as administrators.

The letter of appellee of November 7, 1893, to H. B. Bergen, containing statements favorable to himself, was first admitted by the court in appellee's behalf and then afterward excluded by instructions.

The appellants claim to be damaged by this action of the court. While it should not have been admitted, as it was appellee's own statements favorable to himself, and against the rule of law that one may not manufacture evidence in his own behalf, it will not be necessary for us to pass on the question as to whether it was reversible error, as the judgment must be reversed for other reasons.

Appellee's services for which he claims, were performed, running for many years, and no demand ever made for them during Moshier's lifetime, and the statute of limitations has been allowed to run against a greater part or all of them, and in this time appellee borrowed a large sum of money from Moshier and paid interest on it till Moshier's death, and this would seem to raise a strong presumption that either he had been compensated in some way by Moshier, or that he never intended to make any charge for his services.

But it will not be necessary for us to pass definitely on the merits of appellee's claim or the weight of evidence to sustain it as an original claim. The errors which we have pointed out are sufficient for reversal.

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.